

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-9-2009

# Dmitry Gorbaty v. Portfolio Recovery Assoc LLC

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3327

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Dmitry Gorbaty v. Portfolio Recovery Assoc LLC" (2009). *2009 Decisions.* Paper 120.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/120

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-017                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3327
_____

DMITRI GORBATY,
                                                Appellant

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-02436)
District Judge:  Honorable Stanley R. Chesler
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 16, 2009
Before:  MCKEE, RENDELL AND CHAGARES, Circuit Judges

(Opinion filed: December 9, 2009)
_____

OPINION
_____

PER CURIAM

        Dmitri Gorbaty, proceeding in forma pauperis, appeals from the order of the

United States District Court for the District of New Jersey dismissing his civil complaint.

For the reasons that follow, we will affirm summarily.

On or about February 8, 2009, Gorbaty received two "Cancellation of Debt" notices on Internal Revenue Service ("IRS") form 1099-C, from Portfolio Recovery Associates, LLC ("Portfolio"). The notices contained a description of the cancelled debt, the date the debt was cancelled, and the amount. The notices also informed Gorbaty that the IRS may impose a negligence penalty or other sanction if the cancelled debt is not accurately reported as taxable income. On February 16, 2009, Gorbaty sent a letter to Portfolio disputing the financial obligations reported on the 1099-C forms, and requesting verification of the alleged debt. Gorbaty never received any response from Portfolio, and thereafter, engaged the services of a certified public accountant for advice and counsel. On May 20, 2009, Dmitri Gorbaty filed suit against Portfolio in the United States District Court for the District of New Jersey, for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA").

On July 21, 2009, pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B)(ii), the District Court entered an order dismissing Gorbaty's complaint for failure to state a claim. Gorbaty filed a timely notice of appeal on August 6, 2009. Fed. R. App. P. 4(a)(1).

II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291.[1]  Our review over

the District Court's sua sponte dismissal of Gorbaty's complaint for failure to state a

claim is plenary.  See Allah v. Seiverling, 229 F.3d 220, 222 (3d Cir. 2000).  To state a

claim, the plaintiff's factual allegations "must be enough to raise a right to relief above

the speculative level."  Bell Altantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A

claim is more than merely speculative when the factual content alleged "allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, _ _ U.S. _ _, 129 S.Ct. 1937, 1949 (2009).  We may take summary

action if the appeal presents no substantial question.  See 3d Cir. L.A.R. 24.7; I.O.P. 10.6.

III.

Gorbaty claims that in sending the 1099-C forms and failing to verify their

contents, Portfolio violated sections 1692e, 1692f, 1692g, and 1692j of the FDCPA.

Section 1692e prohibits debt collectors from using any false, deceptive, or misleading

means in connection with the collection of a debt.  Similarly, § 1692f prohibits a debt

collector from using unfair or unconscionable means to collect a debt.  Section 1692j

makes it unlawful to furnish any form to a consumer, knowing that form would be used to

create a false belief that a person other than the creditor of that consumer is participating

in the collection of a debt.  Section 1692g requires that within five days after the initial

---

[1] Although the District Court dismissed Gorbaty's complaint without prejudice, the District Court's dismissal of an in forma pauperis complaint under 29 U.S.C. § 1915 is "in essence" final.  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

3

communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice of the amount of the debt, the name of the creditor to whom the debt is owed, and a statement informing the consumer how to dispute or request verification of the debt.

A "threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir. 1987) (emphasis added). Although Gorbaty alleges that Portfolio is a debt collector as defined by 15 U.S.C. § 1692a(6), there is no allegation that Portfolio was seeking the payment of any money in connection with the cancelled debt, or ever made any attempt to collect a debt from Gorbaty. See Piper v. Portnoff Law Assocs., Ltd., 396 F.3d 227 (3d Cir. 2005) (holding that a communication was used in an attempt to collect a debt where it clearly demanded payment in satisfaction of a debt). Nor has Gorbaty offered any facts to support his allegations that Portfolio used false, unconscionable, or deceptive forms in the collection of a debt. Although Gorbaty may object to the 1099-C forms he received, we agree with the District Court that the mailing and receipt of a Cancellation of Debt notice by itself, without any indication that the notice was used in connection with the collection of a debt, does not state a claim for a violation of the FDCPA.

Gorbaty argues that in acquiring alleged consumer debt and then cancelling it in order to receive tax benefits from the IRS, Portfolio is acting indirectly as a debt collector

subject to the FDCPA. He analogizes Portfolio's debt collection methods to the garnishing of wages: Portfolio collects a tax benefit from the IRS, which the IRS will collect as a tax liability from Gorbaty. This argument, however, ignores the distinction between post-debt conduct, which is not protected by the FDCPA, and conduct "in connection with the collection of any debt," which is protected. 15 U.S.C. § 1692g. When a debt is cancelled, there is no debt and there can be no debt collection. Portfolio's actions, as alleged, cannot be deemed to be "in connection" to a present debt collection proceeding based on any reasonable reading of the complaint.[2]

Accordingly, we agree with the District Court's analysis of Gorbaty's claims, that they failed as a matter of law to state a claim. We will affirm the judgment of the District Court.

---

[2] We note that, even though Portfolio's alleged conduct regarding the 1099-C forms is not actionable under the FDCPA, Gorbaty is not without remedy. If Gorbaty's allegations are true, that the 1099-C forms contain false information, Gorbaty may dispute the amount of cancelled debt with the IRS to reduce his unwanted tax liability, or bring suit against Portfolio under alternative provisions of law.